**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven L. Gaines, Jr., | No. CV-21-01774-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Yolanda C. Stenson, | |
| Defendant. | |

At issue is the Notice of Removal (Doc. 1), Notice of Pending Motions (Doc. 7), and the separately-filed Petition for Injunction Against Harassment (Doc. 8).

On September 23, 2021, *pro se* Plaintiff Steven L. Gaines, apparently an employee of the U.S. Postal Service, filed a Petition for Injunction Against Harassment in Phoenix Municipal Court (Doc. 1-3 at 2-3) against his boss, the Plant Manager Yolanda C. Stenson. Based on this Petition as the "Operative Complaint," the United States of America, apparently acting on behalf of Ms. Stenson, removed the city court action to this Court, alleging that this Court has jurisdiction under 28 U.S.C. § 1442. (Doc. 1, Notice of Removal at 2.) The Government also filed a Notice of Pending Motions characterizing the Complaint as a motion for preliminary injunctive relief. (Docs. 7, 8.)

To begin with, the Complaint (Doc. 8) is not a motion for preliminary injunctive relief; it simply contains a claim for injunctive relief. It was and remains the operative Complaint in this matter, as the Government characterized it as a basis for removal. Because the Government has decided to make a federal case out of a city court restraining

order proceeding, the Federal Rules of Civil Procedure and Local Rules of this Court now apply to this action. Thus, under Federal Rule of Civil Procedure 81(c)(2), the Government must answer or otherwise respond to the Complaint (Doc. 8) within the time prescribed in that Rule. Should Plaintiff desire to file a Motion for Preliminary Injunction, he may do so, but only by and after following the applicable Rules and law.

Next, the Court finds that the allegations in the Notice of Removal are not sufficient to demonstrate that the Court has subject matter jurisdiction in this matter. Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). A federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss (or remand) a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

The Government removed this case based on 28 U.S.C. § 1442, which allows removal of a state court action directed at any officer of the United States or any agency thereof "relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). But the Supreme Court has clarified that

> Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. Section 1442(a), therefore, cannot independently support Art. III "arising under" jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes.

*Mesa v. California*, 489 U.S. 121, 237 (1989).

In the Notice of Removal, the only federal question the Government raises is by the following statement: "This case also arises under the [Federal Tort Claims Act ("FTCA")], and Plaintiff has failed to administratively exhaust his tort claims as the FTCA requires." The Complaint does not support this allegation. Plaintiff's cause of action in the Complaint

is a request for an Order of Protection and Injunction Against Harassment under Arizona state law. No FTCA claim appears on the face of Plaintiff's Complaint. Before remanding this matter, the Court will give the Government the opportunity to substantiate the Court's subject matter jurisdiction over this matter from the face of Plaintiff's Complaint, which was the basis of the Government's removal of this matter from city court.

**IT IS THEREFORE ORDERED** that, to the extent the Petition for Injunction Against Harassment (Doc. 8) is docketed as a motion, it is denied.

**IT IS FURTHER ORDERED** that the Petition (Doc. 8) is the operative Complaint in this matter, and Defendant United States of America must file an Answer or otherwise respond to the Complaint within the time set forth in Federal Rule of Civil Procedure 81(c)(2).

**IT IS FURTHER ORDERED** that, by **October 29, 2021**, Defendant United States of America shall file a brief not to exceed 11 pages to demonstrate that the Court has subject matter jurisdiction over this matter. Plaintiff Steven L. Gaines, Jr. shall file a Response not to exceed 11 pages by **November 12, 2021**, and the United States may file a Reply not to exceed 6 pages by **November 19, 2021**.

Dated this 21st day of October, 2021.

Honorable John J. Tuchi
United States District Judge