**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven L. Gaines, Jr., | No. CV-21-01774-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Yolanda C. Stenson, *et al.*, | |
| Defendants. | |

At issue is Defendant United States' Motion to Dismiss (Doc. 13), to which *pro se* Plaintiff Steven L. Gaines filed a Response (Doc. 15) and Defendant filed a Reply (Doc. 16). In conjunction with addressing Defendant's Motion to Dismiss, the Court must determine whether Plaintiff's Petition for Injunction Against Harassment (Doc. 8) was properly removed to federal district court. The Court holds that it was not. Because the Court finds a lack of subject matter jurisdiction, it cannot exercise removal jurisdiction over the Petition. Consequently, the Court remands the case to Phoenix Municipal Court and denies as moot Defendant's Motion to Dismiss as well as Plaintiff's Motion for Protective Order (Doc. 17).

**I.     Background**

This case arises out of a workplace dispute between two postal workers at a U.S. Postal Service facility in Phoenix. (Doc. 8 at 3-4.) On September 23, 2021, proceeding *pro se*, Plaintiff filed a Petition for Injunction Against Harassment with the Phoenix Municipal

Court. The Petition alleges that Plaintiff has suffered repeated instances of workplace harassment at the hands of one of his supervisors, Yolanda C. Stenson. More specifically, the Petition claims that Stenson stalks, stares at, berates, threatens to fire, and generally interferes with Plaintiff and that this harassment has been occurring since May 2021. Plaintiff requested that Stenson be ordered to stay away from their shared place of employment at all times, even when Plaintiff is not present.

On October 20, one day before the scheduled municipal court hearing, the United States filed on behalf of Stenson a Notice of Removal to this Court pursuant to 28 U.S.C. § 1442. (Doc. 1.) The United States subsequently filed a Brief on Subject Matter Jurisdiction explaining that it had stepped into Stenson's shoes as Defendant pursuant to 28 U.S.C. § 2679. (Doc. 13.) Defendant's basis for removal was federal question jurisdiction. It has not been alleged that diversity jurisdiction exists in this case. Upon removal, Plaintiff's Petition for Injunction Against Harassment became the operative Complaint of this case.

Defendant contends that Plaintiff's Petition can properly be characterized as a claim that falls within the Federal Tort Claims Act (FTCA), or alternatively within Title VII. (Doc. 13 at 2-4.) According to Defendant, Plaintiff's Petition not only can be characterized as an FTCA claim, but that it in fact must be so characterized. This is because the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act) makes the FTCA the exclusive remedy for tortious acts and omissions committed by federal employees acting within the scope of their employment. Furthermore, the Westfall Act makes the federal district court the exclusive venue for such claims. Thus, according to Defendant, because Plaintiff's Petition sounded in tort, and because Stenson was acting within the scope of her employment, Plaintiff's state law claim was preempted by the FTCA and removal to federal district court was required by the Westfall Act.

**II.      Legal Standard**

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116

(9th Cir. 2004). The removing party carries the burden of establishing subject matter jurisdiction, and doubts about federal jurisdiction should be resolved in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez*, 372 F.3d at 1116 (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

**III.  Analysis**

Defendant initially removed this case pursuant to 28 U.S.C. § 1442(a), but the Supreme Court has explained that section 1442(a) is a "pure jurisdictional statute" that cannot independently support federal jurisdiction. *Mesa v. California*, 489 U.S. 121, 136 (1989). A federal question must still be raised. *Id.* The purpose of section 1442(a) is merely "to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal *defense* were alleged." *Id.* (emphasis added). Defendant does not raise a federal defense here. Thus, if federal jurisdiction exists, it must flow from the presence of a federal question in Plaintiff's Petition for Injunction Against Harassment, which is the operative complaint in this case.

Defendant has characterized Plaintiff's municipal court Petition as stating a claim falling within the ambit of the FTCA. The Court disagrees. By its own terms, the FTCA applies only to claims for money damages.

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, *for money damages* . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

28 U.S.C. § 1346(b) (emphasis added). The Westfall Act also limits its preclusion regime to suits for money damages.

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding *for money damages* by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding *for money damages* arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1) (emphasis added). The Supreme Court has recognized that a claim is "cognizable" under § 1346(b) only if it alleges six specific elements, one of which is being "for money damages." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994).

Plaintiff's Petition seeks only injunctive relief. While the Supreme Court has held that the Westfall Act precludes claims even to which the Act's exceptions deny relief, *United States v. Smith*, 499 U.S. 160, 161–62 (1991); 28 U.S.C. § 2680, a suit for injunctive relief does not constitute such an exception because it is not encompassed by the Act to begin with. Accordingly, the exclusivity provisions of the Westfall Act do not preclude Plaintiff's municipal Petition. Moreover, because Plaintiff's Petition seeks only injunctive relief, this case does not fall within the FTCA. Thus, no federal question is implicated on these grounds.

Defendant has put forth Title VII as an alternative jurisdictional basis. Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

According to Defendant, Plaintiff's Petition should be construed as a continuation of previous complaints that Plaintiff has lodged with the EEOC in which Plaintiff apparently complains of racial and medical discrimination. (Doc. 13 at 8-9.) However, Plaintiff's Petition does not allege any harassment predicated on any animus relating to a class protected by Title VII. Rather, Plaintiff alleges workplace harassment of a more generic nature. While a hostile workplace can constitute a form of racial harassment, a hostile workplace is not *ipso facto* racial discrimination when it is not pled as such. Plaintiff's previous dealings with the EEOC are irrelevant where his complaint does not expressly or impliedly relate to them.[1] The Court declines to construe Plaintiff's Petition as a claim falling within Title VII. Thus, it is not precluded by Title VII's exclusionary provisions. Furthermore, Title VII affords no jurisdictional basis for this case.

Because Plaintiff's Petition for Injunction Against Harassment does not implicate a federal question under either the FTCA or Title VII, there is no federal question in this case. As federal question jurisdiction was the only basis of subject matter jurisdiction that Defendant alleged in its Notice of Removal, the Court lacks removal jurisdiction.

**IT IS THEREFORE ORDERED** that the Clerk of Court remand this case to Phoenix Municipal Court as soon as is practicable and terminate the matter.

**IT IS FURTHER ORDERED** denying Defendant's Motion to Dismiss (Doc. 13) as moot.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Protective Order (Doc. 17) as moot.

Dated this 26th day of January, 2022.

Honorable John J. Tuchi
United States District Judge

---

[1] Moreover, the previous EEOC filing referenced by Defendant does not allege a racial animus, is not directed at the same employee, and does not arise out of the same fact pattern. (Doc. 13-2.)