**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven L. Gaines, Jr., | No. CV-21-01774-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Yolanda C. Stenson, *et al.*, | |
| Defendants. | |

At issue is Defendant United States' Motion for Reconsideration (Doc. 20), in which the United States asks the Court to reconsider its Order (Doc. 19) remanding this case for a failure to demonstrate the Court's subject matter jurisdiction.

As the Court stated in its prior Order, this case arises out of a workplace dispute between two postal workers at a U.S. Postal Service facility in Phoenix. (Doc. 8 at 3-4; Doc. 19.) On September 23, 2021, *pro se* Plaintiff Steven L. Gaines, Jr. filed a Petition for Injunction Against Harassment in Phoenix Municipal Court. The Petition alleges that Plaintiff suffered repeated instances of workplace harassment at the hands of one of his supervisors, Yolanda C. Stenson, and seeks a protective order against Stenson.

On October 20, 2021, one day before the scheduled municipal court hearing, the United States on behalf of Stenson filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1442. (Doc. 1.) The United States subsequently filed a Brief on Subject Matter Jurisdiction (as well as a Motion to Dismiss) explaining that it had stepped into Stenson's

shoes as Defendant pursuant to 28 U.S.C. § 2679. (Doc. 13.) The United States' basis for removal was federal question jurisdiction. Upon removal, Plaintiff's Petition for Injunction Against Harassment became the operative Complaint in this case.

In its Brief, the United States contended that Plaintiff's Petition can properly be characterized as a claim that falls under the Federal Tort Claims Act (FTCA), or alternatively under Title VII. (Doc. 13 at 2-4.) According to the United States' Brief, Plaintiff's Petition not only can be characterized as an FTCA claim, but in fact must be so characterized because the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act) makes the FTCA the exclusive remedy for tortious acts and omissions committed by federal employees acting within the scope of their employment. Furthermore, the Westfall Act makes the federal district court the exclusive venue for such claims. Thus, according to the United States, because Plaintiff's Petition sounded in tort, and because Stenson was acting within the scope of her employment, Plaintiff's state law claim was an FTCA claim and removal to federal district court was required by the Westfall Act. In the same Brief, the United States asked the Court to dismiss Plaintiff's FTCA (or Title VII) claim under Federal Rule of Civil Procedure 12(b)(1), because he failed to exhaust administrative remedies prior to bringing his claim.

In its Order (Doc. 19), the Court noted that the United States removed this case pursuant to 28 U.S.C. § 1442(a), but the Supreme Court has explained that section 1442(a) is a "pure jurisdictional statute" that cannot independently support federal jurisdiction. *Mesa v. California*, 489 U.S. 121, 136 (1989). A federal question must still be raised. *Id.* The purpose of section 1442(a) is merely "to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged." *Id.*

The Court disagreed with the United States' characterization that Plaintiff's municipal court Petition stated a claim falling within the ambit of the FTCA because, by its own terms, the FTCA applies only to claims for money damages.

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, *for money damages* . . . for injury or loss of

> property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

28 U.S.C. § 1346(b) (emphasis added). The Westfall Act also limits its preclusion regime to suits for money damages.

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding *for money damages* by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding *for money damages* arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1) (emphasis added). Indeed, the Supreme Court has recognized that a claim is "cognizable" under § 1346(b) only if it alleges six specific elements, one of which is being "for money damages." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994). Because Plaintiff's Petition seeks only injunctive relief, his claim does not fall under the FTCA or Westfall Act.

The Court also noted that the United States put forth Title VII as an alternative jurisdictional basis. Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). According to the United States, Plaintiff's Petition should be construed as a continuation of previous complaints that Plaintiff lodged with the EEOC in which Plaintiff apparently complained of racial and medical discrimination. (Doc. 13 at 8-9.) However, Plaintiff's Petition does not allege any harassment predicated on any animus relating to a class protected by Title VII. Rather, Plaintiff alleges workplace harassment of a more generic nature. While a hostile workplace can constitute a form of racial harassment, a hostile workplace is not *ipso facto* racial discrimination when it is not pled as such. Plaintiff's previous dealings with the EEOC are irrelevant where his

complaint does not expressly or impliedly relate to them.[1] The Court thus declined to construe Plaintiff's Petition as a claim falling within Title VII.

Because the Court did not agree with the United States that Plaintiff's claim implicated a federal question under either the FTCA or Title VII—the only jurisdictional bases the United States proffered to substantiate its removal of this case—the Court remanded this case.

The United States has now filed a Motion for Reconsideration to argue a different jurisdictional basis—the Supremacy Clause. (Doc. 20 at 3 ("[T]he Supremacy Clause precludes state courts from entering or enforcing orders that interfere with the performance of federal officers.").)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, the United States' arguments in its original Brief that Plaintiff's claim was either an FTCA or Title VII claim did not suffice to demonstrate that the Court had subject matter jurisdiction in this case. The United States, as the removing party, had the burden of establishing subject matter jurisdiction, and a failure to meet that burden must result in remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c). That the United States may now be able to demonstrate a proper basis for this Court's jurisdiction is not enough. As stated above, the United States may not use

---

[1] Moreover, the previous EEOC filing referenced by the United States did not allege racial animus, was not directed at the same employee, and did not arise out of the same fact pattern. (Doc. 13-2.)

a Motion for Reconsideration to raise an argument for the first time that it reasonably could have raised when the Court originally required a demonstration of the Court's jurisdiction supporting the United States' removal of this case. Accordingly, the Court must deny the Motion for Reconsideration.[2]

**IT IS THEREFORE ORDERED** denying the Motion for Reconsideration (Doc. 20).

Dated this 14th day of June, 2022.

Honorable John J. Tuchi
United States District Judge

---

[2] Nothing precludes the United States from raising its Supremacy Clause defense to the municipal court's jurisdiction in municipal court.